**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**SEATTLE DIVISION**

| | |
|---|---|
| NOEL TAUTGES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIA BENEFIT SOLUTIONS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Noel Tautges ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against Defendant Navia Benefit Solutions, Inc. ("Navia") and alleges, upon personal knowledge as to his own actions and upon information and belief, including his counsels' investigations, as to all other matters, as follows:

**INTRODUCTION**

1. This action stems from Defendant's failure to secure its software programs which led to the unnecessary breach of sensitive personal information of millions of individuals, including Plaintiff.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

2. Plaintiff brings this class action against Defendant for its failure to properly secure and safeguard sensitive personally identifiable information ("PII") and protected health information ("PHI") provided by and belonging to its clients (collectively, "Private Information").

3. Navia is a third-party benefits administrator and provides various services such as FSA accounts and COBRA benefits. As part of its regular business activities, Defendant collected, maintained and stored the Private Information of its clients.

4. It was reported that from on January 23, 2026, Navia discovered that from between December 22, 2025, and January 15, 2026, unauthorized access occurred which resulted in the exfiltration of sensitive information by cybercriminals (the "Data Breach").[1]

5. However, despite being aware of the Data Breach in January, Navia did not announce the Data Breach until March 13, 2026.

6. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and Class members; and (ii) warn Plaintiff and Class members of its inadequate information security practices. Defendant's conduct amounts to at least negligence and violates federal statutes designed to prevent or mitigate this very harm.

7. Plaintiff and Class Members have suffered actual, present and foreseeable injuries as a direct result of the Data Breach, including: (a) theft of its Private Information; (b) costs associated with the detection and prevention of identity theft for its respective lifetimes; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of the Data Breach; (d) invasion of

---

[1] *Notice of Data Event,* Navia, *available at*: https://www.naviabenefits.com/notice-of-data-event/ (last visited on April 6, 2026).



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

privacy; (e) the present and/or imminent injury arising from actual and/or potential fraud and identity theft posed by its personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (f) damages to and diminution in value of its personal data entrusted to Defendant on the mutual understanding that Defendant would safeguard its Private Information against theft and not allow access to and misuse of its personal data by others; and (g) the continued risk to its Private Information, which remains in the possession of Defendant, and which is subject to further injurious breaches, so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff and Class Members' Private Information. Plaintiff and Class Members, at the very least, are entitled to damages and injunctive relief tailored to address the vulnerabilities exploited in the breach, and designed to protect Plaintiff and Class Members' Private Information, as well as an order directing the destruction and deletion of all Private Information for which Defendant cannot demonstrate a reasonable and legitimate purpose for continuing to maintain possession of such Private Information.

8. Defendant understands the need to protect the privacy of its clients and its customers and the need to use security measures to protect its customers' information from unauthorized disclosure. And as a sophisticated financial entity that maintains private and sensitive consumer information, Defendant and its corporate affiliates further understood the importance of safeguarding Private Information.

9. Defendant disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Plaintiff and Class members' Private Information was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use.

10. As a result of Defendant's actions, the Private Information of Plaintiff and Class Members was compromised through access to and exfiltration by an unknown and unauthorized third party. Plaintiff and Class Members have a continuing interest in ensuring that its information is and remains safe, and they are entitled to injunctive and other equitable relief.

11. Plaintiff by this action seeks compensatory damages together with injunctive relief to remediate Defendant's failures to secure its and the other Class Members' Private Information, and to provide damages, among other things, for Plaintiff and Class Members to secure identity theft insurance, and credit repair services for Class Members' respective lifetimes to protect the Class of Data Breach victims from identity theft and fraud.

## PARTIES

12. Plaintiff Tautges is a citizen and resident of the State of Wisconsin, currently residing in Milwaukee.

13. Plaintiff Tautges learned of the Data Breach after receiving a notice of the Data Breach informing him that his Private Information was impacted by the Data Breach.

14. Plaintiff Tautges is very careful with his Private Information and does not share his Private Information freely.

15. Plaintiff Tautges would not have entrusted his Private Information to Defendant or otherwise would have permitted his Private Information be provided to Defendant, had he known that Defendant's data security practices were inadequate and susceptible to data disclosures and privacy violations.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

16. Upon information and belief, Defendant Navia is a Washington corporation and maintains a principal place of business at 707 S. Grady Way, Suite 350, Renton, Washington, 98057.

## JURISDICTION AND VENUE

17. This his Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member is a citizen of a state different from Defendant to establish minimal diversity.

18. Venue is proper under 18 U.S.C § 1391(b)(1) in this Judicial District as substantial acts and part of the events or omissions giving rise to the claims as alleged in this Class Action Complaint occurred in this District.

19. The Western District of Washington has personal jurisdiction over Defendant because Defendant is headquartered in the State of Washington and regularly conducts business in the State.

## FACTUAL ALLEGATIONS

### A. Navia Collects and Stores Personal Information

20. Navia is a third-party administrator that specializes in employee benefits services. It routinely collects highly sensitive Personal Information in the process of providing its products and services. It has more than 10,000 clients nationwide.

21. As part of its regular business activities, Defendant collected, maintained and stored the Private Information of its clients.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

22. Defendant implicitly and/or explicitly represented to Plaintiff and Class Members, that their Private Information would be secured.[2]

23. Defendant had duties and obligations through common law, federal regulations, contracts, industry standards, and its representations to Plaintiff and Class Members that Defendant would adopt reasonable measures to protect the Private Information of Plaintiff and Class Members from third party actors.

24. Despite possessing such duties and obligations, Defendant's systems contained vulnerabilities which were exploited by cybercriminals. Had Defendant properly secured its platform, and/or had it properly implemented security measures, Plaintiff's and Class Member's Private Information would not have been at risk as a result of Defendant's deficient security measures.

25. Plaintiff is informed and believes and thereupon alleges that on January 23, 2026, Defendant detected that cybercriminals had repeatedly accessed its network starting in December 22, 2025, and had stolen sensitive information (the "Data Breach").

26. It took Defendant several weeks to identify what Private Information had been breached, and it was only on March 13, 2026, that Defendant revealed that the Data Breach had occurred and that it had involved personal and health data, including names, email addresses, phone numbers, Social Security numbers and health plan information. Additionally, Defendant did not send Plaintiff Tautges a notice letter until March 18, 2026. See Tautges Notice Letter, hereinafter referred to as Exhibit A.

---

[2] *Privacy Policy*, Navia, *available at* https://www.naviabenefits.com/privacy-policy-and-notice/ (last visited January 21, 2026).



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

**B. The Value of Personally Identifiable Information (PII) and Protected Health Information (PHI)**

27. PII is very valuable to criminals, as evidenced by the prices they will pay for it on the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information is sold at prices ranging from $40 to $200, and bank details have a price range of $50 to $200.[3]

28. Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[4]

29. Social Security numbers are among the most sensitive kind of personal information to have stolen because they may be put to a variety of fraudulent uses and are difficult for an individual to change. The Social Security Administration stresses that the loss of an individual's Social Security number, as is the case here, can lead to identity theft and extensive financial fraud:

> A dishonest person who has your Social Security number can use it to get other personal information about you. Identity thieves can use your number and your good credit to apply for more credit in your name. Then, they use credit cards and don't pay the bills, it damages your credit. You may not find out that someone is using your number until you're turned down for credit, or you begin to get calls from unknown creditors demanding payment for items you never bought. Someone illegally using your Social Security number and assuming your identity can cause a lot of problems.[5]

30. What is more, it is no easy task to change or cancel a stolen Social Security number. An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. In other words, preventive action to defend against potential misuse

---

[3] George, A. (2019, Oct. 16). *Your Personal Data Is for Sale on the Dark Web. Here's How Much It Costs,* Digital Trends, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last visited April 6, 2026).

[4] Luthi, B. (2017, Dec. 6). *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last visited April 6, 2026).

[5] Social Security Administration, *Identity Theft and Your Social Security Number*, *available at*: https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited April 6, 2026).).



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

of a Social Security number is not permitted; an individual instead must show evidence of actual, ongoing fraud to obtain a new number.

31. Even then, a new Social Security number may not be effective. According to the Identity Theft Resource Center, "The credit bureaus and banks are able to link the new number very quickly to the old number, so all of that old bad information is quickly inherited into the new Social Security number."[6]

32. Based on the foregoing, the information compromised in the Data Breach is significantly more valuable than the loss of, for example, credit card information in a retailer data breach because, in that situation, victims can cancel or close credit and debit card accounts. The information compromised in this Data Breach is impossible to "close" and difficult, if not impossible, to change—name, birthdate, financial history, and Social Security number.

33. This data commands a much higher price on the black market. "Compared to credit card information, personally identifiable information and Social Security numbers are worth more than 10x on the black market."[7]

34. Identity thieves may obtain driver's licenses, government benefits, medical services, and housing, or even give false information to police, among other forms of fraud.

35. The Private Information of Plaintiff and Class Members was taken by hackers to engage in identity theft and/or to sell it to other criminals who purchase the Private Information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

---

[6] Naylor, B. (Feb. 9, 2015). *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR *available at*: http://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millionsworrying-about-identity-theft (last visited April 6, 2026).

[7] Greene, T. (Feb. 6, 2015). *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, IT World, *available at*: https://www.networkworld.com/article/2880366/anthem-hack-personal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html (last visited April 6, 2026).



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

36. Further, there may be a time lag between when harm occurs and when it is discovered and between when Private Information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[8]

37. Plaintiff and Class Members now face a lifetime of constant surveillance of its financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damage in addition to any fraudulent use of its Private Information.

### C. <u>Defendant Failed To Comply With HIPAA</u>

38. Defendant is governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its relevant regulatory rules. See 45 C.F.R. § 160.102.

39. Defendant, as a 'health-tech' organization, provides data services related to healthcare services and is classified as a Health Care Clearinghouse, and defined by HIPAA as a "Covered Entity." See 45 C.F.R. § 160.103.

40. In the alternative, Defendant, if not considered to be a Health Care Clearinghouse, is defined under HIPAA as a "Business Associate." *Id*.

---

[8] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last visited April 6, 2026).



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

41. Both Covered Entities and Business Associates are governed by HIPAA rules, and are required to protect against reasonably anticipated threats to the security of sensitive patient health information.

42. These rules include, but are not limited to, the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and the HIPAA Security Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and C ("Security Standards for the Protection of Electronic Protected Health Information").

43. HIPAA rules establish national standards to protect patient's health information, as defined by the Act as "individually identifiable health information" which either "identifies the individual" or where there is a "reasonable basis to believe the information can be used to identify the individual," that is held or transmitted by a healthcare provider. *See* 45 C.F.R. § 160.103.

44. HIPAA requires Covered Entities and Business Associates to also implement safeguards to ensure the confidentiality, integrity, and availability of PHI. Safeguards must include physical, technical, and administrative components. *See* C.F.R. Part 160 and Part 164, Subparts A and C.

45. Additionally, HIPAA also requires Covered entities and Business Associates to provide notification following a breach of unsecured protected health information by way of the HIPAA Breach Notification Rule. *See* 45 CFR §164.400-414.

46. Pursuant to the Breach Notification Rule, Defendant was required to provide affected individuals with notice of the breach, without unreasonable delay and in no case later than sixty days following the discovery of the breach. *Id.*

47. Additionally, Defendant was required to provide a brief description of the breach, the types of information involved in the breach, the steps affected individuals should take to



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

protect themselves from potential harm, a brief description of what Defendant was doing to investigate the breach, mitigate the harm, and prevent further breaches. *Id*.

48. Defendant's untimely notification of the Data Breach, several weeks after the breach occurred, is in clear violation of this rule.

49. Defendant failed to maintain the privacy and security of the PHI that they were responsible for, and failed to inform affected individuals that its Private Information had been stolen. Upon information and belief, Defendant violated HIPAA by failing to:

a. Maintain an adequate data security system;

b. Adequately protect Plaintiff's and the Class Members' Private Information;

c. Ensure the confidentiality and integrity of electronic PHI created, received, maintained, or transmitted, in violation of 45 C.F.R. § 164.306(a)(1);

d. Implement technical policies and procedures for electronic information systems that maintain electronic PHI to allow access only to those persons or software programs that had been granted access rights, in violation of 45 C.F.R. § 164.312(a)(1);

e. Implement adequate policies and procedures to prevent, detect, contain, and correct security violations, in violation of 45 C.F.R. § 164.308(a)(1)(i);

f. Implement adequate procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports, in violation of 45 C.F.R. § 164.308(a)(1)(ii)(D);

g. Protect against reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding PHI, in violation of 45 C.F.R. § 164.306(a)(3);

h. Train its employees and agents effectively on the policies and procedures with respect to protected health information as necessary and appropriate for the



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

members of its workforces to carry out its functions and to maintain security of PHI, in violation of 45 C.F.R. § 164.530(b);

i. Failing to timely and adequately notify affected individuals of the Data Breach;

j. Failing to render the electronic PHI they maintained unusable, unreadable, or indecipherable to unauthorized individuals, by failing to encrypt the electronic PHI as specified in the HIPAA Security Rule by "the use of an algorithmic process to transform data into a form in which there is a low probability of assigning meaning without use of a confidential process or key" in violation of 45 CFR § 164.304.

50. The Data Breach resulted from a combination of insufficiencies that demonstrate how Defendant failed to comply with safeguards mandated by HIPAA regulations.

**D. <u>Defendant Failed To Comply With FTC Guidelines</u>**

51. The Federal Trade Commission ("FTC") issued several business guidelines emphasizing the critical importance of incorporating reasonable data security practices into all business operations. These guidelines were designed to help businesses understand and fulfill its responsibility to protect customer data.

52. In 2016, the FTC set forth cybersecurity guidelines for businesses, and published "Protecting Personal Information: A Guide for Business. " These guidelines outline essential practices such as (a) protect the personal customer information that they collect and store; (b) properly dispose of personal information that is no longer needed; (c) encrypt information stored on its computer networks; (d) understand its network's vulnerabilities; and (e) implement policies to correct security problems. The FTC guidelines further recommend that businesses use an intrusion detection system, monitor all incoming traffic for unusual activity, monitor for large amounts of data being transmitted from its system, and have a response plan ready in the event of



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

a breach.

53. The FTC's guidelines also advise businesses, including healthcare businesses, to not retain PII and PHI longer than necessary, to restrict access to sensitive data, enforce the use of complex passwords, adopt industry-tested security methods, monitor networks for suspicious activity, and ensure that third- party service providers implement adequate security measures. Id.

54. The FTC has taken enforcement actions against businesses, including healthcare providers and its associates, for failing to protect customer data adequately. These actions are treated as unfair acts or practices under Section 5 of the Federal Trade Commission Act ("FTCA"). See 15 U.S.C. § 45.

55. Defendant was required to implement fundamental data security practices in line with FTC guidelines. Its failure to do so, particularly in safeguarding against unauthorized access to patients' PII and PHI, is considered an unfair practice under the Section 5 of the FTC Act.

56. Defendant was fully aware of its obligations to protect sensitive patient data and the severe consequences of failing to meet these obligations. Despite this knowledge, Defendant did not take the necessary steps to comply with the FTC guidelines, leaving patient data vulnerable and exposed.

57. Defendant's failure to implement basic security measures, is not only a failure to comply with FTC guidelines, but also unnecessarily risked the privacy and security of its client's data.

58. Additionally, the FTC requires businesses that maintain medical information to provide timely notice to affected individuals of a data breach by way of the Health Breach Notification Rule. 16 C.F.R. 318.

59. This rule applies to vendors of personal health records and its third party service



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

providers, pursuant to the HITECH Act. Id.

60. Pursuant to the Breach Notification Rule, Defendant was required to notify affected individuals, media, and the FTC of the breach, without unreasonable delay and in no case later than sixty days following the discovery of the breach. Id.

61. Additionally, Defendant was required to provide a brief description of the breach, the types of information involved in the breach, the steps affected individuals should take to protect themselves from potential harm, a brief description of what Defendant was doing to investigate the breach, mitigate the harm, and prevent further breaches. Id.

62. Defendant's untimely notification of the Data Breach on March 18, 2026, several weeks after the Data Breach occurred, is in clear violation of this rule.

### E. Defendant Failed To Comply With FTC Guidelines

63. Cybersecurity experts consistently recognize healthcare providers as particularly vulnerable to cyberattacks, primarily due to the valuable nature of the Private Information they handle.

64. Certain identified best practices should minimally be implemented by healthcare providers like the Defendant. These practices include but are not limited to, educating all employees, enforcing strong passwords, applying multi-layer security measures (including firewalls, anti-virus, and anti-malware software), implementing encryption to render data unreadable without proper authorization, utilizing multi-factor authentication, regularly backing up data, and restricting employee access to sensitive data.

65. Additional standard cybersecurity best practices within the healthcare industry encompass installing appropriate malware detection software, monitoring and limiting network ports, securing web browsers and email systems, configuring network infrastructure (like firewalls,



COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

switches, and routers), safeguarding physical security systems, and training staff on key cybersecurity aspects.

66. On information and belief, Defendant failed to meet the minimum standards of any of the following frameworks: the NIST Cybersecurity Framework Version 1.1 (including without limitation PR.AC-1, PR.AC-3, PR.AC-4, PR.AC-5, PR.AC-6, PR.AC-7, PR.AT-1, PR.DS-1, PR.DS-5, PR.PT-1, PR.PT-3, DE.CM-1, DE.CM-4, DE.CM-7, DE.CM-8, and RS.CO-2), and the Center for Internet Security's Critical Security Controls (CIS Controls), which are all established standards in reasonable cybersecurity readiness.

67. Given these frameworks represent the current and applicable industry standards, Defendant's failure to comply with at least one or all of these accepted standards significantly contributed to the occurrence of the Data Breach. Its non-compliance created vulnerabilities that the threat actor exploited, leading to the compromise of sensitive patient data.

### F. <u>Large Companies are Regularly Targeted by Cybercriminals</u>

68. Defendant was or should have been, fully aware of the unique type and the significant volume of data on its network, comprising millions of individuals' detailed and confidential personal information and, thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data.

69. Data thieves regularly target companies like Defendant due to the large volumes of Private Information that they come into possession of.

70. As custodian of Plaintiff and Class Member's Private Information, Defendant knew or should have known the importance of protecting its Private Information, and of the foreseeable consequences if any data breaches occurred.

71. Defendant's security obligations were especially important due to the substantial up-



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

tick of cyber-attacks and data breaches occurring in recent years.

72. Furthermore, Defendant should have been vigilant in protecting its data as companies such as Defendant are especially targeted for cyber-attacks.

### G. Common Injuries and Damages to Plaintiff and Class Members

73. Although it is believed that Defendant has offered identity monitoring services for a limited time, the offered services are inadequate to protect Plaintiff and Class Members from the threats they face for years to come, particularly in light of the highly sensitive nature of the Private Information at issue here.

74. The injuries to Plaintiff and Class Members were directly and proximately caused by Defendant's failure to implement or maintain adequate data security measures to protect the Private Information of its current and former customers.

75. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members are presently experiencing and will continue experiencing actual harm from fraud and identity theft.

76. Plaintiff and Class Members are presently experiencing substantial risk of out-of-pocket fraud losses, such as loans opened in its names, tax return fraud, utility bills opened in its names, and other identity theft.

77. Plaintiff and Class Members face substantial risk of being targeted for future phishing, data intrusion, and other illegal schemes based on its Private Information as potential fraudsters could use that information to target such schemes more effectively to Plaintiff and Class Members.

78. Plaintiff and Class Members are also incurring and may continue incurring out-of-pocket costs for protective measures such as credit monitoring fees (for any credit monitoring



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

obtained in addition to or in lieu of the inadequate monitoring offered by Defendant), credit report fees, credit freeze fees, and similar costs directly or indirectly related to the Data Breach.

79. Plaintiff and Class Members also suffered a loss of value of its Private Information when it was acquired by the cyber thieves in the Data Breach. Numerous courts have recognized the propriety of loss of value damages in related cases.

80. Plaintiff and Class Members have suffered actual injury as a direct result of the Data Breach. Many victims suffered ascertainable losses in the form of out-of-pocket expenses and the value of its time reasonably incurred to remedy or mitigate the effects of the Data Breach relating to:

a. Finding fraudulent loans, insurance claims, tax returns, and/or government benefit claims;
b. Purchasing credit monitoring and identity theft prevention;
c. Placing 'freezes' and 'alerts' with credit reporting agencies;
d. Spending time with financial institution or government agencies to dispute fraudulent charges and/or claims;
e. Contacting financial institutions and closing or modifying financial accounts; and
f. Closely reviewing and monitoring Social Security number, bank accounts, payment card statements, and credit reports for unauthorized activity for years to come.

81. Moreover, Plaintiff and Class Members have an interest in ensuring that its Private Information, which is believed to remain in the possession of Defendant, is protected from further breaches by the implementation of security measures and safeguards, including but not limited to, making sure that the storage of data or documents containing sensitive and confidential personal, and/or financial information is not accessible online, that access to such data is password-protected, and that such data is properly encrypted.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

82. Further, as a result of Defendant's conduct, Plaintiff and Class Members are forced to live with the anxiety that its Private Information may be disclosed to the entire world, thereby subjecting them to embarrassment and depriving them of any right to privacy whatsoever.

83. As a direct and proximate result of Defendant's actions and inactions, Plaintiff and Class Members have suffered a loss of privacy and are at a substantial and present risk of harm.

## H. CLASS ALLEGATIONS

84. Plaintiff brings this action as a class action pursuant to Rule 23 *et seq.* of the Federal Rules of Civil Procedure on behalf of the Class.

85. Plaintiff proposes the following Class Definition:

> **Class: All individuals residing in the United States whose Private Information was compromised in the Data Breach.**

86. Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, members, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members and staff.

87. Plaintiff reserves the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

88. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of its claims in a class action will provide substantial benefits to the parties and the Court.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

89. Questions of law and fact common to the Class exist and predominate over any questions affecting only individual Class Members. These questions include but are not limited to:

a. Whether Defendant failed to adequately safeguard the Private Information of Plaintiff and Class Members;

b. Whether and to what extent Defendant had a duty to protect the Private Information of Plaintiff and Class Members;

c. Whether Defendant had a duty not to use the Private Information of Plaintiff and Class Members for non-business purposes;

d. Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that its Private Information had been compromised;

e. Whether Defendant failed to implement and maintain reasonable security procedures and practices adequate to protect the information compromised in the Data Breach, considering its nature and scope;

f. Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

g. Whether Defendant violated any statutes as alleged herein;

h. Whether Defendant engaged in unfair, unlawful, or deceptive practices, including by failing to safeguard the Private Information of Plaintiff and Class Members;

i. Whether Plaintiff and Class Members are entitled to damages as a result of Defendant's wrongful conduct;

j. Whether Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct; and

k. Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

90. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendant's wrongful conduct.

91. Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately represent and protect the interests of the Class Members. No Plaintiff has a disabling conflict of interest with any other Member of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the Members of the Class, and the infringement of rights and the damages they have suffered are typical of other Class Members. Plaintiff also has retained counsel experienced in complex class action litigation, and they intend to prosecute this action vigorously.

92. As provided under Fed. R. Civ. P. 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct in relation to the Class and making final injunctive and corresponding declaratory relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly, and Plaintiff challenges these policies by reference to Defendant's conduct with respect to the Class as a whole.

93. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

94. Consistent with Fed. R. Civ. P. 23(b)(3), class treatment is superior to all other available methods for the fair and efficient adjudication of this controversy. Among other things, it will permit a large number of Class Members to prosecute its common claims in a single forum



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Moreover, class action treatment will permit the adjudication of relatively modest claims by Class Members who could not individually afford to litigate a complex claim against large corporations such as Defendant. Prosecuting the claims pleaded herein as a class action will eliminate the possibility of repetitive litigation. There will be no material difficulty in the management of this action as a class action.

95. Particular issues, such as questions related to Defendant's liability, are also appropriate for certification under Fed. R. Civ. P. 23(c)(4) because the resolution of such common issues would materially advance the resolution of this matter and the parties' interests therein.

96. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(1), in that the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. Prosecution of separate actions by Class Members also would create the risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede its ability to protect its interests.

## **CAUSES OF ACTION**

### **COUNT I**
### **NEGLIGENCE**
### **(On behalf of Plaintiff and the Class Against Defendant)**

97. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

98. Plaintiff brings this claim on behalf of himself and the Class.



COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

99. As a condition of using the service of Defendant or its partners or affiliates, Plaintiff and the Class were required to provide and entrust Defendant with certain Private Information, including its name, birthdate, Social Security number, and health plan information.

100. Plaintiff and the Class entrusted its Private Information to Defendant on the premise and with the understanding that Defendant would safeguard their information, use their Private Information for business purposes only, and/or not disclose its Private Information to unauthorized third parties.

101. By undertaking the duty to maintain and secure this data, sharing it and using it for commercial gain, Defendant had a duty of care to use reasonable means to secure and safeguard its systems and networks—and Plaintiff and Class Members' Private Information held within it—to prevent disclosure of the information, and to safeguard the information from cyber theft.

102. Defendant had full knowledge of the sensitivity of the Private Information and the types of harm that Plaintiff and the Class could and would suffer if the Private Information were wrongfully disclosed or obtained by unauthorized parties.

103. Defendant knew or reasonably should have known that its failure to exercise due care in the collecting, storing, and using of consumers' Private Information involved an unreasonable risk of harm to Plaintiff and the Class, including harm that foreseeably could occur through the criminal acts of a third party.

104. Defendant had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining, and testing Defendant's security protocols to ensure that Plaintiff and Class Members' information in its possession was adequately secured and protected.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

105. Defendant also had a duty to exercise appropriate practices to remove former customers' Private Information that they were no longer required to retain pursuant to regulations.

106. Defendant had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff and the Class's Private Information, and to employ proper procedures to prevent the unauthorized dissemination of the Private Information of Plaintiff and the Class.

107. Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and the Class. That special relationship arose because Plaintiff and the Class entrusted Defendant with its confidential Private Information, a mandatory step in receiving services from Defendant. While this special relationship exists independently from any contract, it is recognized by Defendant's Privacy Policies, as well as applicable laws and regulations. Specifically, Defendant actively solicited and gathered Private Information as part of its business and was solely responsible for and in the position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class members from a resulting data breach.

108. Defendant was subject to an independent duty, untethered to any contract between Defendant and Plaintiff and the Class, to maintain adequate data security.

109. A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendant's inadequate security practices.

110. Defendant also had a common law duty to prevent foreseeable harm to others. Plaintiff and the Class were the foreseeable and probable victims of Defendant's inadequate security practices and procedures. Defendant knew or should have known of the inherent risks in



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

collecting and storing the Private Information of Plaintiff and the Class, the critical importance of adequately safeguarding that Private Information, and the necessity of encrypting Private Information stored on Defendant's systems. It was foreseeable that Plaintiff and Class members would be harmed by the failure to protect its personal information because hackers are known to routinely attempt to steal such information and use it for nefarious purposes.

111. Defendant's conduct created a foreseeable risk of harm to Plaintiff and the Class. Defendant's wrongful conduct included, but was not limited to, its failure to take the steps and opportunities to prevent the Data Breach as set forth herein. Defendant's misconduct also included its decision not to comply with industry standards for the safekeeping of Plaintiff and the Class's Private Information, including basic encryption techniques available to Defendant.

112. Plaintiff and the Class had and have no ability to protect its Private Information that was in, and remains in, Defendant's possession.

113. Defendant was in a position to effectively protect against the harm suffered by Plaintiff and the Class as a result of the Data Breach.

114. Defendant had and continues to have a duty to adequately disclose that the Private Information of Plaintiff and the Class within Defendant's possession was compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of its Private Information by third parties.

115. Defendant has admitted that the Private Information of Plaintiff and the Class was wrongfully accessed by unauthorized third persons as a result of the Data Breach.

116. Defendant, through its actions and inaction, unlawfully breached its duties to Plaintiff and the Class by failing to implement industry protocols and exercise reasonable care in



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

protecting and safeguarding the Private Information of Plaintiff and the Class when the Private Information was within Defendant's possession or control.

117. Defendant improperly and inadequately safeguarded the Private Information of Plaintiff and the Class in deviation of standard industry rules, regulations, and practices at the time of the Data Breach.

118. Defendant failed to heed industry warnings and alerts to provide adequate safeguards to protect its current and former customers' Private Information in the face of increased risk of theft.

119. Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to have appropriate procedures in place to detect and prevent dissemination of its current and former customers' Private Information.

120. Defendant, by its actions and/or omissions, unlawfully breached its duty to adequately and timely disclose to Plaintiff and the Class the existence and scope of the Data Breach.

121. But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and the Class, the Private Information of Plaintiff and the Class would not have been compromised.

122. There is a close causal connection between (a) Defendant's failure to implement security measures to protect the Private Information of Plaintiff and the Class and (b) the harm or risk of imminent harm suffered by Plaintiff and the Class. Plaintiff and the Class's Private Information was accessed and exfiltrated as the direct and proximate result of Defendant's failure to exercise reasonable care in safeguarding such Private Information by adopting, implementing, and maintaining appropriate security measures.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

123. Additionally, Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice of businesses, such as Defendant, of failing to implement reasonable measures to protect Private Information. The FTC Act and related authorities form part of the basis of Defendant's duty in this regard.

124. Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Private Information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information it obtained and stored and the foreseeable consequences of the damages that would result to Plaintiff and the Class.

125. Defendant's violation of Section 5 of the FTC Act constitutes negligence *per se*.

126. Plaintiff and the Class are within the class of persons that the FTC Act was intended to protect.

127. The harm that occurred as a result of the Data Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of its failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

128. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity to control how its Private Information is used; (iii) the compromise, publication, and/or theft of its Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of its Private Information for Plaintiff and Class Members' respective lifetimes;



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

(v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and other identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to its Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the current and former customers' Private Information in its continued possession; and (viii) present and future costs in the form of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the compromise of Private Information as a result of the Data Breach for the remainder of the lives of Plaintiff and the Class Members.

129. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

130. Additionally, as a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of its Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Private Information in its continued possession.

131. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class are now at an increased risk of identity theft or fraud.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

132. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class are entitled to and demand actual, consequential, and nominal damages and injunctive relief to be determined at trial.

## COUNT II
## BREACH OF IMPLIED CONTRACT
## (On behalf of Plaintiff and the Class Against Defendant)

133. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

134. Plaintiff brings this claim on behalf of himself and the Class.

135. Defendant acquired and maintained the Private Information of Plaintiff and the Class, including names, email addresses, dates of birth, social security numbers, and health plan information.

136. At the time Defendant acquired the Private Information of Plaintiff and the Class, there was a meeting of the minds and a mutual understanding that Defendant would safeguard the Private Information and not take unjustified risks when storing the Private Information.

137. Plaintiff and the Class would not have entrusted its Private Information to Defendant had they known that Defendant would not properly secure the Private Information, and not delete the Private Information that Defendant no longer had a reasonable need to maintain.

138. Defendant further implicitly promised to comply with industry standards and to ensure that Plaintiff and the Class Members' Private Information would remain protected.

139. Implicit in the agreements between Plaintiff and the Class and Defendant to provide Private Information, was the latter's obligation to:

a. Use such Private Information for business purposes only;

b. Take reasonable steps to safeguard Private Information;



COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

c. Prevent unauthorized disclosures of Private Information;

d. Provide Plaintiff and the Class with prompt and sufficient notice of any and all unauthorized disclosure or uses; and

e. Retain the Private Information only under conditions that kept such information secure and confidential.

140. In collecting and maintaining the Private Information of Plaintiff and the Class and publishing its privacy policies, Defendant entered into implied contracts with Plaintiff and the Class requiring Defendant to protect and keep secure the Private Information of Plaintiff and the Class.

141. Plaintiff and the Class fully performed its obligations as required with Defendant.

142. Defendant breached the implied contract it made with Plaintiff and the Class by failing to protect and keep private the financial information of Plaintiff and the Class, including failing to;

a. Encrypt or tokenize the sensitive Private Information of Plaintiff and the Class;

b. Delete such Private Information that Defendant no longer had reason to maintain;

c. Eliminate the potential accessibility of the Private Information where such accessibility was not justified; and

d. Otherwise review and improve the security of the network system that contained such Private Information.

143. As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and the Class have suffered (and will continue to suffer): ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; additional time spent scrutinizing bank statements, credit card statements, and



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

credit reports; expenses and/or time spent initiating fraud alerts, credit freezes; decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

144. As a direct and proximate result of Defendant's breach of implied contract, Plaintiff and the Class are at an increased risk of identity theft or fraud.

145. As a direct and proximate result of Defendant's breach of implied contracts, Plaintiff and the Class are entitled to and demand actual, consequential, and nominal damages and injunctive relief, to be determined at trial.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**(On Behalf of Plaintiff and the Class Against Defendant)**

146. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

147. Plaintiff brings this claim on behalf of himself and the Class.

148. A relationship existed between Defendant and Plaintiff and the Class in which Plaintiff and the Class put its trust in Defendant to protect the Private Information of Plaintiff and the Class and Defendant accepted that trust.

149. Defendant breached the fiduciary duty that they owed to Plaintiff and the Class by failing to act with the utmost good faith, fairness, and honesty, failing to act with the highest and finest loyalty, and failing to protect the private information of Plaintiff and the Class.

150. Defendant's breach of fiduciary duty was a legal cause of damage to Plaintiff and the Class.

151. But for Defendant's breach of fiduciary duty, the damage to Plaintiff and the Class would not have occurred.



COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

152. Defendant's breach of fiduciary duty contributed substantially to producing the damage to Plaintiff and the Class.

153. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff and the Class are entitled to and demand actual, consequential, and nominal damages and injunctive relief.

**COUNT IV**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class Against Defendant)**

154. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

155. Defendant required Plaintiff and Class Members to provide its Private Information in order to engage in business.

156. Plaintiff and Class Members conferred a monetary benefit on Defendant by providing its Private Information.

157. Defendant did not secure Plaintiff's and the Class Members' Private Information, and therefore, did not fairly compensate Plaintiff or the Class Members for the value of its Private Information.

158. Had Plaintiff and the Class Members known that Defendant would not adequately protect its Private Information, they would not have agreed to entrust it to Defendant.

159. Under the circumstances, Defendant would be unjustly enriched by being permitted to retain any of the benefits that Plaintiff and the Class conferred onto it.

160. Plaintiff and the Class have sustained injuries as a result of Defendant's conduct, and Plaintiff and the Class are without an adequate remedy.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

161. Plaintiff and the Class are entitled to restitution from Defendant and a disgorgement of profits, benefits and other compensation received by Defendant as a result of its wrongful conduct.

**COUNT V**
**DECLARATORY JUDGMENT**
**(On Behalf of Plaintiff and the Class Against Defendant)**

162. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

163. Plaintiff brings this claim on behalf of himself and the Class.

164. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*., authorizes this Court to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the federal statutes as applicable here.

165. Defendant owes duties of care to Plaintiff and Class Members, which require Defendant to adequately secure Plaintiff and the Class Member's Private Information.

166. Due to the Data Breach, Plaintiff and the Class Member's Private Information have been unnecessarily put at risk.

167. An actual controversy has arisen in the wake of the Data Breach regarding Defendant's present and prospective common law and other duties to reasonably safeguard Plaintiff and the Class Members' Private Information and whether Defendant is currently maintaining data security measures adequate to protect Plaintiff and the Class from further data breaches that compromise its Private Information.

168. Accordingly, Plaintiff and the Class request this Court under the Declaratory Judgment Act to enter a judgment declaring the following:



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

a. Defendant owes a legal duty to secure the Private Information of the clients of its former and current customers;

b. Defendant has breached its duty to Plaintiff and the Class by allowing the Data Breach to occur;

c. Defendant continues to breach its legal duty by failing to employ reasonable means to secure the Private Information of Defendant's former and current customers.

d. Defendant's ongoing breaches of said duty continue to cause Plaintiff and the Class harm.

169. Plaintiff and the Class, therefore, seek a declaration that (1) Defendant's existing security measures do not comply with its obligations and duties of care to provide reasonable security procedures and practices appropriate to the nature of the information to protect consumers' Private Information, and (2) to comply with its duties of care, Defendant must implement and maintain reasonable security measures, including, but not limited to:

a. Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

b. Engaging third-party security auditors and internal personnel to run automated security monitoring;

c. Auditing, testing, and training its security personnel regarding any new or modified procedures;

d. Segmenting user applications by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's systems;

e. Conducting regular database scanning and security checks;

f. Routinely and continually conducting internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

g. Purchasing credit monitoring services for Plaintiff and Class Members for its respective lifetimes; and

h. Meaningfully educating Plaintiff and Class Members about the threats they face as a result of the loss of its Private Information to third parties, as well as the steps they must take to protect themselves.

170. The Court should issue corresponding prospective injunctive relief requiring Defendant to employ adequate security protocols consistent with the law and industry standards to protect Plaintiff and Class Members' Private Information.

171. If an injunction is not issued, Plaintiff and the Class will suffer irreparable injury, and lack an adequate legal remedy, in the event of another data breach of Defendant's systems or networks. The risk of another breach is real, immediate, and substantial.

172. The hardship to Plaintiff and the Class if an injunction does not issue exceeds the hardship to Defendant if an injunction is issued. If another data breach occurs, Plaintiff and the Class will likely be subjected to fraud, identity theft, and other harms described herein. But, the cost to Defendant of complying with an injunction by employing reasonable prospective data security measures is minimal given it has pre-existing legal obligations to employ these measures.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all Class Members, requests judgment against Defendant and that the Court grant the following:

a. An Order certifying the Class, as defined herein, and appointing Plaintiff and its counsel to represent the Class;

b. Equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff and the



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

Class Members' Private Information, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and the Class Members;

c. Injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members, including but not limited to an order:

i. Prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

ii. Requiring Defendant to protect, including through encryption, all data collected through the course of its business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

iii. Requiring Defendant to provide out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of its Private Information for Plaintiff and Class Members' respective lifetimes;

iv. Requiring Defendant to delete, destroy, and purge the Private Information of Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

v. Requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the Private Information of Plaintiff and Class Members;

vi. Prohibiting Defendant from maintaining Plaintiff and Class Members personally identifying information on a cloud-based database;

vii. Requiring Defendant to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by third-party security auditors;



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

viii. Requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring;

ix. Requiring Defendant to audit, test, and train its security personnel regarding any new or modified procedures;

x. Requiring Defendant to segment data by, among other things, creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other areas of Defendant's systems;

xi. Requiring Defendant to conduct regular database scanning and securing checks;

xii. Requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personally identifying information, as well as protecting the personally identifying information of Plaintiff and Class Members;

xiii. Requiring Defendant to routinely and continually conduct internal training and education, and on an annual basis to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

xiv. Requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting personally identifying information;

xv. Requiring Defendant to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendant's information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xvi. Requiring Defendant to adequately educate all Class Members about the threats that they face as a result of the loss of its confidential Private Information to



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

third parties, as well as the steps affected individuals must take to protect themselves;

xvii. Requiring Defendant to implement logging and monitoring programs sufficient to track traffic to and from Defendant's servers; and, for a period of 10 years, appointing a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment, to provide such report to the Court and to Class Counsel, and to report any material deficiencies or noncompliance with the Court's final judgment;

d. For an award of damages, including actual, statutory, consequential, punitive, and nominal damages, as allowed by law in an amount to be determined;

e. For an award of reasonable attorneys' fees, costs, and litigation expenses, as allowed by law;

f. For prejudgment interest on all amounts awarded; and

g. Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury for all claims so triable.

Dated: April 9, 2026

Respectfully submitted,

By: /s/ Thomas E. Loeser
Thomas E. Loeser (WSBA #38701)
By: /s/ Karin B. Swope
Karin B. Swope (WSBA #24015)
By: /s/ Kelly Anna Koehnen Aristides
Kelly Anna Koehnen Aristides (WSBA #64332)



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

**COTCHETT, PITRE & McCARTHY LLP**
Thomas E. Loeser (WSBA #38701)
Karin B. Swope (WSBA #24015)
Kelly Anna Koehnen Aristides (WSBA #64332)

1809 7th Avenue, Suite 1610
Seattle, WA 98101
T: (206) 802-1272
tloeser@cpmlegal.com
kswope@cpmlegal.com
karistides@cpmlegal.com

**BARRACK, RODOS & BACINE**
Stephen R. Basser (*pro hac vice forthcoming)*
Samuel M. Ward (*pro hac vice forthcoming)*
One America Plaza
600 W Broadway #900
San Diego, CA 92101
Tel: (619) 230-0800
sbasser@barrack.com
sward@barrack.com

Andrew J. Heo (*pro hac vice forthcoming)*
2001 Market Street, Ste. 3300
Philadelphia, PA 19103
Tel: (215) 963-0600
aheo@barrack.com

*Counsel for Plaintiff Noel Tautges and the Proposed Class*